Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Ryan C. Curtis, Esq.
Nevada Bar No. 12949
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:   (702) 382-8135
Email: asegal@bhfs.com
Email: rcurtis@bhfs.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES,<br><br>                                   Defendant. | Case No.  2:13-cv-00609-APG-VCF<br><br>**ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Boards of Trustees of the Construction Industry and Laborers Health and Welfare Trust, the Construction Industry and Laborers Joint Pension Trust, the Construction

020052\0272\10825869.1

1

1 2 3 4 5 Industry and Laborers Vacation Trust, and the Southern Nevada Laborers Local 872 Training Trust (collectively "Trust Funds") filed an Amended Motion for Summary Judgment against Defendant Gene Collins, an individual doing business as Southern Nevada Flaggers & Barricades ("SNF"). (Dkt. #21). No response in opposition was filed. Nevertheless, the Court has considered the merits of the Amended Motion, and hereby determines:

6 **I.     Factual background.**

7 8 9 10 11 12 13 14 This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500, and this Court has original jurisdiction pursuant to 29 U.S.C. § 1132(e). The Boards of Trustees of the Trust Funds are fiduciaries for purposes of ERISA. SNF acted as an employer within the State of Nevada, employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between SNF and the Laborers International Union of North America, Local 872 ("Union"). The Trust Funds are ERISA employee benefit trust funds that provide pension, health and welfare, vacation, and training benefits to Covered Employees.

15 16 17 18 The CBA incorporates by reference the trust agreements establishing the Trust Funds and any amendments thereto ("Trust Agreements"). Pursuant to the CBA, SNF agreed to abide by the Trust Agreements. Pursuant to ERISA, the CBA and Trust Agreements, SNF is obligated to make its books and records available for contract compliance review ("audit").

19 20 21 22 23 24 25 26 The Trust Fund's Auditor sent an audit notification letter to Collins on March 5, 2013, requesting access to SNF's records so he could conduct an audit of SNF's records for the time period of April 1, 2010 to the present. In response to the March 5, 2013 audit notification letter, Gene Collins of SNF sent the auditor an email on March 22, 2013, asserting that due to a settlement agreement entered into between the Trust Funds and Gene Collins, the Trust Funds had settled unpaid contributions for 2010 and 2011 and that the Trust Funds are only entitled to audit employee benefit contributions for 2012 and 2013. The Settlement Agreement referenced by Mr. Collins does not include any language limiting the Trust Funds' right to audit unaudited periods

27
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

020052\0272\10825869.1

or months in 2010, 2011, or any other time period. The Trust Funds' auditor explained that to Mr. Collins in an email dated March 25, 2013.

The Trust Funds filed suit against SNF to obtain access to SNF's employment and financial records to conduct an audit for the period of April 1, 2010 to the present as they are entitled to under the Trust Funds' documents. SNF repeatedly refused audit access, making this litigation necessary. SNF's efforts to prevent such an audit continued after this action began and included SNF's Motion to Dismiss filed on June 3, 2013. (Dkt. #10.) The Trust Funds filed an Opposition to SNF's Motion and filed their Motion for Summary Judgment on June 18, 2013. (Dkt. Nos. 12, 13.) SNF never objected to the Trust Funds' Motion for Summary Judgment and the Trust Funds filed a Notice of Nonopposition on July 22, 2013. (Dkt. #19.)

On September 6, 2013, SNF allowed the Trust Funds' auditor to conduct an audit of SNF's records. On completion of the audit, the Trust Funds filed their amended motion for summary judgment, which is unopposed. (Dkt. #21.)

Pursuant to the Trust Funds' Collection Policies and Procedures, an employer is liable for the Trust Funds' legal fees and costs and all other costs, including audit costs, when legal action is required against the employer, whether or not such actions result in a delinquency finding. The Trust Funds incurred $11,034 in attorneys' fees and $1,220 in audit costs and expects to occur an additional $5,000 in attorneys' fees for executing on any judgment, for a total of $17,254. The Trust Funds seek a judgment against SNF for $17,254 in their amended motion for summary judgment.

## II. Standard for summary judgment.

Summary judgment is appropriate when that party demonstrates "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth." *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1093 (D. Nev. 2006) (*citing Lynn v. Sheet Metal Workers Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986)). "Any dispute regarding a material issue of fact must be genuine - the

evidence must be such that 'a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (*quoting Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998)). "Thus, '[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial' and summary judgment is proper." *Id.* (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists." *Trustees of Const. Indus. & Laborers Health and Welfare Trust v. B. Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1160 (D. Nev. 2010) (*citing N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994)). "Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole." *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).

To avoid summary judgment, the nonmoving party "may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there exists a genuine issue for trial." *Trustees*, 685 F. Supp. 2d at 1160 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The evidence must be "significantly probative," and cannot be "merely colorable." *Kennedy v. Carriage Cemetery Services, Inc.*, 727 F. Supp. 2d 925, 929 (D. Nev. 2010) (*citing Anderson*, 477 U.S. at 249-50). "Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law." *Trustees*, 685 F. Supp. 2d at 1160 (*citing Celotex*, 477 U.S. at 323). Moreover, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

**III.  Discussion.**

Pursuant to ERISA, the CBA, and the Trust Agreements, SNF is obligated to make its books and records available for an audit. A trust agreement defines the rights and obligations of the parties to the trust to the extent they are consistent with ERISA. *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493-94 (9th Cir. 1990). The Trust Agreements all require that, upon demand, an employer shall promptly provide such things as names of employees, hours worked by each for any period of time, and other information

reasonably required for the administration of the Trust Funds. The Collection Policy and Procedures state that the "purpose of the compliance audit is to ensure that each employer obligated to make contributions to these Trusts is making all required contributions on behalf of all employees for which it is legally obligated to make such contributions."

SNF had ample time and opportunity to allow the Trust Funds access to complete an audit, but Mr. Collins/SNF refused audit access without justification until long after a lawsuit had been filed and attorneys' fees and costs incurred by the Trust Funds. But for SNF's failure to cooperate and allow the audit to take place when demanded, the Trust Funds would not have needed to incur any attorneys' fees and costs.

**THERFORE, IT IS HEREBY ORDERED** that the Trust Funds' Amended Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall enter JUDGMENT against Defendant Gene Collins, an individual doing business as Southern Nevada Flaggers & Barricades, in favor of the Plaintiffs in the amount of $17,254.00, representing attorneys' fees and audit costs.

DATED this 8th day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Bryce C. Loveland
Adam P. Segal, Esq. (#6120)
Bryce C. Loveland, Esq. (#10132)
Ryan C. Curtis, Esq. (#12949)
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106-4614
*Attorneys for Plaintiffs*

020052\0272\10825869.1

5