UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>GENE COLLINS,<br><br>                Defendant. | Case No. 2:13-CV-00609-APG-VCF<br><br>**ORDER**<br><br>(Dkt. #28) |

      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant Gene Collins, doing business as Southern Nevada Flaggers & Barricades, employed individuals covered by a collective bargaining agreement ("CBA") with the Laborers International Union of North America, Local 872. The CBA incorporated trust agreements establishing employee benefit trust funds that provide pension, health and welfare, and other benefits to covered employees. Plaintiffs are the Boards of Trustees of the Trust Funds.

      Pursuant to the CBA and the trust agreements, Collins was required to make his company's books and records available for audit. The Boards of Trustees brought suit after Collins refused to permit an audit for 2010 and 2011. Collins contended that the parties previously had settled unpaid contributions for those years, and the Boards therefore were entitled to audit employee contributions only for 2012 and 2013. The Boards' auditor explained that the settlement agreement did not limit the right to audit unaudited periods in 2010, 2011, or any other period. The Boards thereafter brought this action to obtain access to the employment and financial records to perform an audit.

      On June 18, 2013, the Boards moved for summary judgment, requesting an order compelling the audit. (Dkt. #13.) Collins thereafter permitted access to the books and records, and the Boards withdrew the summary judgment motion. (Dkt. #20.) The Boards filed an

amended motion for summary judgment requesting attorney's fees and costs as permitted under the trust fund agreements when legal action is required against the employer. (*Id.*) Collins did not respond to the amended summary judgment motion. Judgment was entered in the Boards' favor in the amount of $17,254.00 due to Collins' refusal to permit access, resulting in the Boards incurring attorney's fees and costs in having to bring this action. (Dkt. ##23, 24.) The Boards thereafter moved for a judgment debtor's exam, which this Court granted. (Dkt. ##25, 26.)

Collins now moves for the judgment to be set aside under Federal Rule of Civil Procedure 60(b). Collins contends he did not refuse access to the records. Rather, he informed the auditor that 2010 and 2011 previously had been audited. Additionally, Collins contends he told the auditor that the records were kept at a bank and he would need to get back to the auditor to schedule an audit, which later was arranged. The Boards oppose setting aside the judgment, arguing that Collins initially refused to allow access to all records, and it was only after the Boards filed suit and moved for summary judgment that Collins allowed the auditor access.

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment for reasons of (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly discovered evidence, (3) fraud, (4) the judgment is void, (5) the judgment has been satisfied, or (6) "any other reason that justifies relief." Collins does not identify under which provision he is moving for relief, but none warrants setting aside the judgment. Collins does not identify any newly discovered evidence or evidence of fraud. Collins also does not provide a basis to conclude the judgment is void or has been satisfied.

As to excusable neglect, the Court considers "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotation omitted). "Rule 60(b) is remedial in nature and . . . must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (quotation omitted). The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*,

507 U.S. 380, 395 (1993).  Whether to grant relief under Rule 60(b)(1) lies within the Court's discretion. *Lemoge*, 587 F.3d at 1191-92.

Here, the prejudice to the Boards would be minimal because mere delay in resolution of the case is not prejudicial. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Additionally, the month-and-a-half delay between the judgment and Collins' motion was relatively short.  However, Collins provides no reason for the delay in responding to the Boards' summary judgment motion.  Collins does not contend he did not receive the motion, and the Court provided a notice to Collins under *Klingele v. Eikenberry* and *Rand v. Rowland*. (Dkt. #22.)  Collins provides no basis to conclude his failure to respond was due to negligence, such as a calendaring error.  Nor does he suggest some circumstance beyond his control precluded him from timely opposing summary judgment.  Rather, Collins chose not to respond until after the Boards sought and obtained a judgment debtor exam.

Additionally, I find Collins' motion is not brought in good faith because Collins' denial that he refused the auditor access to records for the time period requested is belied by the record in this case.  In a March 22, 2013 email to the auditor, Collins contended that the prior settlement agreement resolved delinquent contributions in 2010 and 2011, and "[t]herefore, [the auditor] will only be entitle[d] to audit[] our employee benefit contributions in the year of 2012 and 2013." (Dkt. #28 at 7.)  The settlement agreement, however, does not contain any language prohibiting the Trust Funds from auditing the 2010 or 2011 periods. (Dkt. #13 at 17-18.)  The auditor advised Collins of this fact on March 25, 2013, but Collins did not provide access in response, and persisted in this argument in a motion to dismiss filed in this action. (Dkt. #13 at 14; Dkt. #10.) Additionally, the Boards present evidence that they sent a letter to Collins on June 11, 2013, advising him to contact the auditor if he was agreeable to permit the audit. (Dkt. #33 at 8-9.) Collins did not contact the auditor until July 25, after the Boards had filed their initial summary judgment motion and the time to oppose that motion had expired. (Dkt. #13; Dkt. #19; Dkt. #28 at 8.)

Considering all relevant circumstances, I decline to set aside the judgment. The equities weigh against setting aside the judgment where Collins chose not to oppose summary judgment, and where the basis for his motion to set aside the judgment is contrary to the evidence before me.

IT IS THEREFORE ORDERED that Defendant Gene Collins' Motion to Set Aside Judgment (Doc. #28) is hereby DENIED.

DATED this 28th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE